NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 4 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEREMY V. PINSON, | No. 16-16744 |
| Plaintiff-Appellant, | D.C. No. 4:13-cv-02059-DCB |
| v. | |
| UNKNOWN PARTY, John Doe #1, Special Investigative Agent; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Federal prisoner Jeremy V. Pinson appeals pro se from the district court's

summary judgment and dismissal order in her action under *Bivens v. Six Unknown*

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the

Privacy Act, alleging deliberate indifference to her safety.  We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(g), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), and summary judgment, *Nunez v. Duncan*, 591 F.3d 1217, 1222 (9th Cir. 2010). We reverse and remand.

The district court granted summary judgment on Pinson's deliberate indifference claim, concluding that defendants were not deliberately indifferent to Pinson's safety because they identified Pinson as an informant to inmates in a facility where Pinson was not housed, and that her identification as an informant was not the cause of the subsequent attack on Pinson. However, Pinson presented evidence that she suffered an attack that was motivated by defendants' identification of her as an informant. Viewing the evidence in the light most favorable to Pinson, Pinson raised a triable dispute as to whether defendants were deliberately indifferent to her safety when they identified her as an informant, and whether this identification was the cause of the attacks and threats she suffered. *See Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (labelling prisoner a "snitch" may violate the prisoner's right to be protected from violence while in custody); *see also Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (explaining that plaintiffs alleging deliberate indifference in § 1983 actions "must ... demonstrate that the defendants' actions were both an actual and proximate cause of their injuries"). We reverse the judgment on this claim,

and remand for further proceedings.

The district court properly determined that defendant Bureau of Prisons ("BOP"), as a federal agency, is not a proper defendant in a *Bivens* action. However, the district court did not address Pinson's claim that the BOP violated the Privacy Act, 5 U.S.C. § 552a, by improperly disclosing her records without her consent. *See Schowengert v. General Dynamics Corp.*, 823 F.2d 1328, 1340 (9th Cir. 1987) (the agency is the only proper defendant in a civil action under the Privacy Act); 5 U.S.C. § 552a(g)(1). We remand for the district court to consider Pinson's Privacy Act claim against the BOP in the first instance.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

**REVERSED and REMANDED.**